43 N.J. Super. 386 (1957)
128 A.2d 728
NATHAN LIPSCHITZ, PLAINTIFF,
v.
STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 7, 1957.
Decided January 15, 1957.
*387 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Grover C. Richman, Jr., Attorney-General of New Jersey, for the State (Mr. Eugene T. Urbaniak, Deputy Attorney-General).
Mr. Nathan Lipschitz, pro se.
*388 The opinion of the court was delivered by FRANCIS, J.A.D.
Lipschitz was released from State Prison after serving the portion of a three to seven year sentence required by the Parole Board as a condition to parole. On October 28, 1954 he was arrested and charged with another crime. Nine days later, November 6, the Parole Board filed a detainer against him and on November 15, 1954 revoked his parole. Thereafter, on June 28, 1955, he was convicted of the new offense and sentenced thereon by the Essex County Court to a term in State Prison of two and a half to three years.
R.R. 3:7-10(g) provides:
"In all custodial sentences the prisoner shall receive credit on the term imposed for any time he may have served in custody between his arrest and the imposition of sentence."
Pursuant to this rule, credit was given on the new sentence for the period of time spent in custody from his arrest on October 28, 1954 to June 28, 1955. In effect, therefore, service of the sentence began on October 28, 1954, the date of arrest or inception of the confinement.
The prisoner now insists that in addition to the benefit of that period on the later sentence, he is entitled to a duplicate credit against the unserved maximum of the original sentence. In support of the claim, reference is made to N.J.S.A. 30:4-123.32 which says:
"No prisoner who is being held in custody on a warrant as provided for herein shall be entitled to his release on bail unless the written consent of the board or a member thereof is first secured for that purpose."
And he says that since he was held in Essex County on the Parole Board detainer subject to the extraordinary restraint of not being bailable  even though the offense for which he had been arrested did not bar bail  the imprisonment should be considered as being served on his original sentence.
*389 The argument overlooks a number of factors. Although the new offense in Essex County was bailable, the record discloses no effort to post bond and be released. Moreover, it is a misapprehension to say that a parolee under the circumstances present here is faced with an absolute bar against release on bail. The restriction of the statute is simply that release is dependent upon the written consent of the board or of one of its members. Here again the record shows no application for such release.
The fact of the matter appears to be that Lipschitz was confined in Essex County between arrest and sentence by reason of the charge of subsequent crime against him and not because of action by the Parole Board. The lodging of the detainer was only a notice or instruction to the county authorities pursuant to N.J.S.A. 30:4-123.22 or 30:4-123.27 not to release him upon disposition of the new accusation, if it was dismissed or resulted in an acquittal, but to hold and turn him over to the board as an alleged or adjudged parole violator.
The legislative and judicial policy as exhibited by the pertinent statutes and rule reveals a humane intention to give credit to a prisoner for time spent in prison either as an alleged or adjudged violator of parole granted in this state or between arrest and sentence for crime committed here. See R.R. 3:7-10(g), supra, and N.J.S.A. 30:4-123.22, supra, which requires application against the unserved portion of the maximum sentence, of the time spent in custody by a parolee while awaiting the decision of the board as to revocation of the parole. Manifestly, this latter enactment is designed to apply where the arrest and imprisonment arise from a declaration of parole delinquency.
The legislative policy is equally plain that duplicate or double credit should not be given for time served. The specific declaration of N.J.S.A. 30:4-123.27 is that:
"* * * No part of a sentence, for which a parole has been granted and revoked, shall be deemed to be served by a prisoner, whose parole was revoked, while he is serving a sentence for an offense other than the one for which he was paroled."
*390 Note also the like provision with respect to licenses to be at liberty granted by the former Court of Pardons. N.J.S.A. 2A:167-12.
Consequently, we conclude that all of the period of custody between arrest and sentence in Essex County is properly treated as arising from and connected with the later conviction and so should be credited against that sentence. And it follows, of course, that no part of such time can be charged to service of the original sentence. Accord, State v. Brandfon, 38 N.J. Super. 412 (Cty. Ct. 1955), affirmed 40 N.J. Super. 328 (App. Div. 1956); In re Macejka, 10 N.J. Super. 393, 399 (Cty. Ct. 1950).
The action of the board is affirmed.