STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ERNEST BRYANT, DEFENDANT-APPELLANT.

Argued March 17, 1975—Decided November 6, 1975.

*Mr. Edward J. Dimon,* Assistant Deputy Public Defender, argued the cause for defendant-appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Solomon Rosengarten,* Deputy Attorney General, argued the cause for plaintiff-respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

The opinion of the Court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. This is a companion appeal to *State v. Gibson,* 68 *N. J.* 499 (1975), decided by us this day. We granted direct certification of both the *Gibson* and this appeal on our own motion, prior to hearing thereof in the Appellate Division, in order to determine whether the inclusion in a plea bargain of an agreement by a defendant not to appeal a collateral conviction in return for charge or sentence concessions by the State was *per se* invalid, giving rise to a case for post-conviction relief. 67 *N. J.* 103 (1975). Our conclusion on that question in *Gibson* was in the negative.

The record in the present case is insufficient for disposition of the appeal in relation to that issue. It is also inadequate for determination of the only other issue raised on this appeal, *i. e.,* whether defendant is entitled to credit on his sentences for robbery and for being armed during the robbery for his detention between the dates of his conviction and sentencing. There will have to be a remand to create a proper record for disposition of both questions.

Defendant and Gibson were together convicted before a jury December 21, 1971 of robbery and of being armed during the robbery. On July 28, 1972 defendant was sentenced to a ten to twelve year term in State Prison for the robbery and to a two to three year concurrent term for being armed. There was no appeal from these sentences. The delay between

conviction and sentence was inordinate, and is explained by the interposition of a motion for a new trial, which was denied.

On September 27, 1973 defendant filed a petition for postconviction relief. The petition was devoid of specification of grounds for relief. A hearing on the petition was held February 11, 1974. An Assistant Deputy Public Defender represented petitioner and recited the grounds relied upon. He failed to call any witnesses in support of his allegations of fact. The defendant was allowed to speak in his own behalf but was not called upon for any testimony material to either of the grounds now argued.

With respect to the plea-bargain waiver of appeal, all we have in this record is the following statement by counsel at the post-conviction hearing:

"It seems that Mr. Bryant was offered the same plea bargain [as Mr. Gibson] — that is, he had outstanding charges pending at the time that he was sentenced for the conviction of armed robbery. The plea bargain was to the effect that if you do not take a direct appeal from this conviction, we will dismiss the outstanding charges you have against you; I think, one of which was sodomy. * * * Mr. Bryant failed to exercise his right of direct appeal on the basis that if he did so, that he would have to face further charges."

▆ As distinguished from the *Gibson* case, we have no direct testimony concerning the nature and circumstances of the plea agreement and as to the kind of legal representation afforded defendant in the negotiation of the plea. The facts that Gibson was fully and adequately advised concerning the nature of the plea agreement, that his waiver of appeal was voluntary and that the circumstances were free of oppression and coerciveness on the part of the State were all developed in the proofs on the post-conviction hearing and were material to our decision in *Gibson* that there was no cause of action for post-conviction relief in that case. Not only are such proofs here absent, but we are not even apprised of the precise other outstanding charges against defendant and the disposition made of them.

There must, accordingly, be a remand to the Law Division for the production of testimony and such other requisite proofs on the basis of which proper findings of fact and conclusions of law may be rendered consonant with the criteria of legality set forth in our decision in *Gibson*.

With respect to defendant's claim for credit on his armed robbery sentences for time served between conviction and sentence, the record made at the post-conviction hearing is similarly deficient for an informed determination. There was no evidence as to whether or when defendant had been declared delinquent on parole, or the parole revoked, and some of the recitals of fact by counsel at the post-conviction hearing relative to the issue were patently erroneous.

The contention by defendant is that all or part of the period between his conviction of armed robbery on December 21, 1971 and his sentencing on July 28, 1972, during which he was confined, apparently at Yardville, should be credited against his sentence, pursuant to *R.* 3:21–8. That rule provides that a defendant shall receive credit on the term of a custodial sentence for any time he has served in custody in jail or in a state hospital between his arrest and the imposition of sentence.

The response to that contention set forth in the brief of the Attorney General is premised on information contained in a letter to the Attorney General from the Bureau of Parole during the pendency of the appeal (made part of the record of the appeal). The facts stated are that defendant was committed to the Youth Reception Center, Yardville, December 16, 1969 on a charge of juvenile delinquency; that he was subsequently transferred to the Youth Reception Center, Annandale, and paroled February 2, 1970; and that he was declared delinquent on parole November 11, 1971 (apparently because of the armed robbery charge) and returned to Yardville December 21, 1971 (date of the conviction). On June 13, 1972, according to the letter, defendant "was paroled to a detainer in Salem County pending sentencing" on the armed robbery convictions. His "adjusted maximum as a

juvenile commitment is now [as of November 1974] scheduled to expire on January 30, 1975."

There is no doubt that if defendant was in fact turned over to the Salem County authorities on June 19, 1972 in contemplation of his sentencing he should be given credit on his sentence for the period served in the county jail thereafter.

The more dubious problem is the proper accreditation of time in confinement after a declaration of delinquency or revocation of parole, if either of those events actually took place. If a defendant on parole is arrested for an offense committed while on parole, and while so held is declared delinquent on parole for that offense, is his subsequent confinement until sentence creditable to the term owing on the original sentence, under or by analogy to *N. J. S. A.* 30: 4–123.22? Or does the credit run rather against the sentence on the subsequent conviction, pursuant to *R.* 3:21–8? That the first of these alternatives is the correct one would appear supported by *Chernachowicz v. State,* 39 *N. J. Super.* 571, 575 (App. Div.), aff'd *o. b.* 22 *N. J.* 83, *cert.* den. 352 *U. S.* 897, 77 S. Ct. 136, 1 L. Ed. 2d 89 (1956), relying on the statute last above cited. But see, for the view that that enactment applies only where the arrest and imprisonment arise from a declaration of parole delinquency, *Lipschitz v. State,* 43 *N. J. Super.* 386, 389 (App. Div. 1957) and *State v. Van Dorn,* 43 *N. J. Super.* 406, 413 (App. Div. 1957). *Cf. State v. Beatty,* 128 *N. J. Super.* 488 (App. Div. 1974). We think it preferable not to arrive at a considered judgment on this precise point in advance of a hearing on the facts, the rendition of findings and conclusions thereon by a hearing judge in the first instance, and an appeal of the consequent judgment.

Concerning one possible version of the facts which may emerge from the hearing on remand we entertain no doubt as to the correct rule on credit against sentence. If, between conviction and sentence, and after declaration of delinquency on parole, the defendant was returned to the

institutional complex from which he was paroled on the earlier offense, for the purpose of continuing service of the original sentence, the time in confinement therein will apply, for that reason independent of any other, as a credit against the original rather than the later sentence.

For the reasons stated, the judgment is reversed and the matter remanded to the Law Division for full hearing and the rendition of findings of fact and conclusions of law on both of the issues discussed hereinabove, and an accordant judgment.

PASHMAN, J. (dissenting). This is a companion case to *State v. Gibson,* 68 *N. J.* 499 (1975), decided today, and also presents the question whether a criminal defendant may be required to waive his right of appeal as part of a plea bargain.

On October 21, 1971, defendant Ernest Bryant was indicted together with Jacklyn Gibson for armed robbery in violation of *N. J. S. A.* 2A:141–1 and *N. J. S. A.* 2A:151–5. On January 27, 1972, an additional indictment was returned against Bryant charging him with malicious destruction of county property in violation of *N. J. S. A.* 2A:122–1. Finally, Bryant was also charged with sodomy contrary to *N. J. S. A.* 2A:143–1.[1]

Bryant pleaded not guilty to the robbery charges but was convicted with Gibson by a jury on December 16, 1971. On July 28, 1972, Bryant was sentenced to a term of ten to twelve years in the State Prison on the robbery conviction with a concurrent two to three year term for the armed feature.[2]

---

[1] As in *State v. Gibson, supra,* the record does not indicate the date of the sodomy indictment.

[2] Bryant has since been transferred to the New Jersey Correctional Institution at Bordentown.

Some time after his conviction, Bryant entered into plea negotiations with the prosecutor's office concerning the remaining two charges pending against him. Although the record does not disclose the date of the agreement and the terms of the bargain are not expressly set forth, testimony at Bryant's subsequent post-conviction relief hearing disclosed the following:

> It seems to me that Mr. Bryant was offered the same plea bargain [as Gibson] — that is, he had outstanding charges pending at the time that he was sentenced for the conviction of armed robbery. The plea bargain was to the effect that if you do not take a direct appeal from this conviction, we will dismiss the outstanding charges you have against you; I think one of which was sodomy.[3]

On September 27, 1973, Bryant filed a petition for post-conviction relief, and on February 1, 1974, the application was heard by the same judge who had tried and sentenced both Gibson and Bryant. At his hearing, Bryant advanced several grounds for relief, including the claim that the plea bargain involving his right to appeal was illegal, and that he had not received proper credit for time served prior to sentencing. Only these two contentions are the subject of this appeal.

After considering Bryant's arguments, the trial court denied his application for relief. With respect to the plea bargain, the trial court stated that the reasons for denying Gibson's application were equally applicable to Bryant. The court then added:

> The defendant is not a — in spite of his age — is not a novice in court proceedings. He had been in court a number of times

---

[3]The record conflicts as to the ultimate disposition of the remaining two charges. Apparently, the sodomy charge was dismissed on October 16, 1972. With respect to the malicious destruction of property charge, Bryant's counsel states that both charges against him were dismissed pursuant to the plea bargain. The State, however, maintains that both Gibson and Bryant pleaded guilty to the latter charge.

before; he was not appalled by being in the courtroom — he knew what was going on. Whatever plea bargains were conducted at that time, insofar as taking an appeal is concerned, or refraining from taking an appeal upon the dismissal of the other charges, certainly the state lived up to its part of the bargain. The defendant, if he made such a bargain, knew what bargain he was making; he's not a novice. He's not a little boy who doesn't know what it's all about. In spite of his age, he has more presence of mind in the courtroom and is less flustered by being in this criminal courtroom than most anybody I've seen in the courtroom — regardless of their age. And the application based on that basis is denied.

The court also declined to grant Bryant relief on the time credit aspect of his petition since "he was in custody at the time; not as a result of any action by this court."

Bryant's petition was dismissed by order dated February 1, 1974, and on February 27, 1974 he filed a notice of appeal to the Appellate Division. On February 19, 1975, we certified the appeal on our own motion pursuant to *R.* 2:2–1 for consideration along with *State v. Gibson, supra,* 67 *N. J.* 103 (1975).

Unlike my colleagues, I find the present record adequate to support a finding that the plea agreement entered into by Bryant was substantially similar to the one involved in *State v. Gibson, supra,* and included a provision whereby Bryant agreed not to exercise his right of appeal. For the reasons given in my separate dissenting opinion in *State v. Gibson, supra,* I believe that all such agreements are illegal. While I do not reach the question of the voluntariness with which Bryant entered into the agreement, I find the observations concerning his supposed knowledge of the judicial process to be ingenuous. Not only do such observations ignore the youthful immaturity and fear which defendant brought to bear in his decision, but they fail to meet the inherent defects in the terms of the resulting agreement. Moreover, as the United States Supreme Court noted on another occasion when individual rights were in limbo, a waiver of basic rights should never be upheld on such evanescent considerations as the state of a defendant's knowledge:

Assessments of the knowledge the defendant possessed, based on information as to his age, education, intelligence, or prior contact with authorities, can never be more than speculation, . . . [*Miranda v. Arizona*, 384 *U. S.* 436, 468–69, 86 *S. Ct.* 1602, 1625, 16 *L. Ed.* 2d 694, 720 (1966)].

In this regard, I similarly fail to see the utility of the provision of legal assistance when the plea bargain as to which the attorney is supposedly offering advice is in itself illegal. Moreover, the assistance of an attorney during the post-conviction period may be of little solace to a defendant who cannot appreciate the enormity of his decision until some time after it is made. Accordingly, I would vacate Bryant's plea bargain and reinstate those charges which had been dismissed in exchange for Bryant's waiver of his right of appeal.

Since, in my view, the appropriate remedy in these circumstances is granting Bryant leave to appeal his robbery conviction out of time, I also find no occasion to consider his second contention, *e. g.,* that he was improperly denied time credit for time served while awaiting sentencing on his armed robbery conviction. This argument would be a more appropriate matter for the reviewing court on direct appeal.

I would reverse.

SCHREIBER, J. (dissenting in part and concurring in part). Bryant's petition only sought relief from his conviction of armed robbery. At the hearing on the petition his counsel argued that the plea bargain offered Bryant was the same as that submitted to Gibson, which in counsel's opinion was "an illegal plea bargain" in that Bryant failed to exercise his right of direct appeal because, if he did so, he "would have to face further charges."

No claim was made that the plea agreement was not made knowingly, voluntarily and with the advice of counsel. Accepting as true the oral assertions of counsel, one can only conclude that the defendant made no showing to justify per-

mitting an appeal from the armed robbery conviction—which is all he seeks — to be made out of time. Nor has he demonstrated any basis for nullifying the plea bargain. I would affirm the trial court's denial of the defendant's petition insofar as it seeks relief from the plea bargain, essentially for the same reasons recited in my concurring opinion this day in *State v. Gibson,* 68 *N. J.* 499 (1975).

Insofar as the claim for credit on the sentence is concerned, I concur with the majority that the matter should be remanded to the trial court to hold a hearing to ascertain the facts and apply the stated principle.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN and CLIFFORD and Judge CONFORD—5.

*For reversal*—Justice PASHMAN—1.

*For reversal and modification*—Justice SCHREIBER—1.