628 A.2d 837

STATE OF NEW JERSEY, v. MICHAEL
WILLIAMS, DEFENDANT.

Superior Court of New Jersey
Law Division Camden County

Decided May 7, 1993.

*Michael A. Williams,* defendant, appearing *pro se.*

*Cheryl Cohen,* Assistant Prosecutor for the State of New Jersey (*Edward Borden,* Camden County Prosecutor, attorney).

STEINBERG, J.S.C.

The question presented for determination is whether a defendant is entitled to credit pursuant to *R.* 3:21–8 for time served in the county jail while awaiting disposition of an offense committed while on parole, after the lodging of a detainer for a violation of parole.

The defendant was arrested on June 15, 1988 for a fourth degree aggravated assault and other related offenses. A detainer was lodged in the Camden County Jail on June 16, 1988 alleging a violation of parole. Pursuant to *N.J.S.A.* 30:4–123.61(a) a determination was made that there was probable cause to believe that the defendant had violated a condition of his parole. That determination was made on July 13, 1988 and he was returned to prison on August 26, 1988. Apparently, his parole was never formally revoked.

The defendant now seeks credit pursuant to *R.* 3:21–8 for the time he served in custody in the county jail between his arrest and the date of imposition of sentence which was February 3, 1989. The State opposes this application contending that after the detainer was lodged by the Parole Board the defendant could not obtain his liberty. I disagree. A parolee charged with violation of parole need not be returned to custody. *N.J.A.C.* 10A:71–7.2. In fact, a parolee can be released even after probable cause has been found *N.J.A.C.* 10A:71–7.9.

In my opinion, the purpose of *R.* 3:21–8 is to provide credit to a defendant for confinement which is attributable to the arrest or other detention resulting from a particular offense. *State v. Council,* 137 *N.J.Super* 306, 349 *A.*2d 71 (App.Div.1975). In this case, the defendant's detention was attributable to the arrest of June 15, 1988 and not due to the lodging of a detainer for parole violation, or a determination of probable cause. The spirit of the Rule will best be advanced if credit is awarded from the date of the arrest until the time parole is formally revoked. At that point, the defendant will be serving his sentence for parole violation and not be entitled to an award of jail credit. His confinement will then be attributable to the violation of parole.

At first blush it would appear as if the case of *State v. Beatty,* 128 *N.J.Super* 488, 320 *A.*2d 514 (App.Div.1974) is dispositive. In *Beatty* the defendant was indicted by the Union County Grand Jury on June 18, 1970 for robbery. At the time of the indictment he was already under arrest in New York and he was incarcerated

there. He ultimately was paroled from New York on September 11, 1971. While incarcerated in New York a detainer had been lodged there for parole violation. He was returned to a New Jersey penal institution on February 24, 1972, following extradition. He sought, and was awarded, credit for the period of 166 days that he spent in a New York penal institution from the date the detainer was lodged to the date he was returned to New Jersey. It is unclear from the opinion as to whether the defendant was released in New Jersey or when he was sentenced in New Jersey. Accordingly, that case merely holds that a defendant is entitled to credit from the date the detainer was lodged to the date he returned to New Jersey regardless of whether the detainer was lodged for violation of parole or by virtue of the new charge. The court held that *R.* 3:21–8 expresses the public policy of this State and should be liberally construed. Whether the defendant's confinement found its source in the new charge or the violation of parole was deemed to be immaterial and the defendant was therefore granted credit against his sentences for the 166 days that he served in the New York penal institution after expiration of his sentence. Since it is unclear from that opinion when the defendant actually commenced service of the sentence in New Jersey that case does not clearly stand for the proposition that it is immaterial whether the detainer is lodged for a violation of parole or for the new charge.

▪ Prior cases which have considered an entitlement to jail credit under the circumstances appear to be in conflict. Compare *Chernachowicz v. State,* 39 *N.J.Super* 571, 121 *A.*2d 747 (App.Div. 1956) *aff'd o.b.* 22 *N.J.* 83, 123 *A.*2d 526 (1956) *cert. den.* 352 *U.S.* 897, 77 *S.Ct.* 136, 1 *L.Ed.*2d 89 (1956) with *Lipschitz v. State,* 43 *N.J.Super* 386, 128 *A.*2d 728 (App.Div.1957). It has been held that a defendant is not entitled to credit on a parole violation for the period of time spent in custody between arrest and conviction and sentence for a subsequent crime committed while on parole. *Lipschitz v. State, supra* and *State v. Van Dorn,* 43 *N.J.Super* 406, 128 *A.*2d 871 (App.Div.1957). The Supreme Court expressly

declined to consider the issue in *State v. Bryant,* 68 *N.J.* 532, 348 *A.*2d 786 (1975) setting forth its preference that an adversary hearing be conducted with findings of fact and conclusions of law. I therefore conclude that a defendant who is arrested on a new charge, committed while on parole, who was unable to raise bail and obtain his release, is entitled to an award of jail credit for the time served while awaiting disposition of the new charge, notwithstanding the fact that a detainer may have been lodged for a violation of parole. Until such time as his parole is actually violated his incarceration or confinement is attributable to the new offense, rather than the violation of parole, and he is therefore entitled to an award of credit. Once his parole is violated the credit will stop because his confinement is then attributable to the violation of parole and he is no longer entitled to an award of credit on any sentence that may thereafter be imposed for the new offense.[1]

---

[1] It is my understanding that a defendant in this situation will not be awarded credit by the Parole Board against the violation of parole for time served prior to revocation of parole. In all fairness, the defendant is entitled to the relief granted in this case.