642 A.2d 1052

STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. DENNIS J. HARVEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted January 12, 1994—Decided June 7, 1994.

Before Judges KING, HAVEY and ARIEL A. RODRÍGUEZ.

*Zulima V. Farber,* Public Defender, attorney for appellant (*Jay L. Wilensky,* Assistant Deputy Public Defender, of counsel and on the letter brief).

*Jeffrey S. Blitz,* Atlantic County Prosecutor, attorney for respondent (*Henry L. Warner,* Assistant County Prosecutor, of counsel and on the letter brief).

The opinion of the court was delivered by

ARIEL A. RODRÍGUEZ, J.S.C. (temporarily assigned).

We affirm the denial of defendant's motion for jail credit for days he spent in custody pending sentence after a parole warrant was lodged. Like the trial judge, we conclude that that confinement relates to a prior sentence and is properly credited to the parole violation term.

On August 12, 1991, defendant was arrested in Pleasantville and charged with third degree possession of cocaine with the intent to distribute or dispense while within 1,000 feet of school property, *N.J.S.A.* 2C:35–7, and third degree conspiracy to distribute cocaine, *N.J.S.A.* 2C:5–2, 2C:35–5a(1) and 5b(2) (the new charges). At the time, defendant was on parole from the New Jersey State Prison. Bail was set at $15,000 cash which defendant was unable

to post. Three days later, a parole detainer was lodged against defendant pursuant to *N.J.S.A.* 30:4–123.62.

Defendant entered a negotiated plea of guilty to the new charges in exchange for the State's sentence recommendation of a four-year term with a two-year period of parole ineligibility to run concurrent with any parole revocation eligibility term.

The sentencing judge merged the two convictions and imposed the recommended sentence. However, over the objections of defendant, the judge awarded only three days jail credit. The credit represented the days defendant spent in jail on the new charges before the parole warrant was lodged. The balance of the pre-sentence confinement was deemed to be a credit against any term imposed on the parole violation. Later, the New Jersey State Parole Board (board) revoked defendant's parole, imposed a twelve-month eligibility term, and credited defendant with all days spent in custody from the date the detainer was lodged.

## I

■ On appeal, defendant argues that the full period of pre-sentence confinement should be credited to the sentence imposed on the new charges.[1] Defendant relies on *R.* 3:21–8, *Lipschitz v. State*, 43 *N.J.Super.* 386, 128 *A.*2d 728 (App.Div.1957), and *State v. Williams*, 266 *N.J.Super.* 154, 628 *A.*2d 837 (Law Div.1993). These authorities are either distinguishable or unpersuasive.

Although *R.* 3:21–8 provides that a defendant shall receive credit for any pre-sentence custody, once a parole warrant was lodged defendant was no longer confined solely as a result of the new charges. Even if defendant had been able to post bail on the new charges, he would have remained in custody. *N.J.S.A.* 30:4–123.62a(2) provides that, "[n]o parolee held in custody on a parole

---

[1] The sentence on the new charges sets a two-year period of parole ineligibility to run concurrent with a twelve-month parole eligibility term on the original charge. Thus defendant will benefit if the confinement is credited against the longer term.

warrant shall be entitled to release on bail." Therefore, after the detainer was lodged defendant's incarceration was attributable to the violation of parole.

This case is distinguishable on the law and the facts from *Lipschitz v. State, supra,* 43 *N.J.Super.* 386, 128 *A.*2d 728. The then governing statute on parole violation warrants provided that a parolee held on such a warrant could be released on bail if the board or a member thereof consented in writing.[2] Thus, the court determined that that statute was not an absolute bar to release on bail. *Id.* at 389, 128 *A.*2d 728. By contrast, the present enactment, *N.J.S.A.* 30:4–123.62a(2) does set an absolute bar to release. Secondly, Lipschitz was seeking duplicate credit against the original and subsequent sentences. Duplicate or double credits should not be given. *Lipschitz, supra,* 43 *N.J.Super.* at 389, 128 *A.*2d 728.

This case is also distinguishable from *State v. Beatty,* 128 *N.J.Super.* 488, 320 *A.*2d 514 (App.Div.1974). While serving a term in New York, Beatty was indicted on a Union County robbery charge. Also, a detainer based on a New Jersey parole violation was lodged against him. He was returned to New Jersey on the parole detainer and then released to Union County for disposition of the robbery charge. On appeal, this court gave him credit against the sentence for robbery for the time spent in New York after the parole detainer was lodged. However, in *Beatty* the issue was whether credit should be given at all, not whether to allocate it between the new charge and a parole violation. The State's arguments were that: (a) *R.* 3:21–8 applied only to time spent in custody in New Jersey, (b) the detainer was not for the new charge and (c) the Uniform Interstate Detainer Act made no provision for credit. There is no indication that the State argued that the credit should be allocated instead to incarceration result-

---

[2] "No prisoner who is being held in custody on a warrant as provided for herein shall be entitled to his release on bail unless the written consent of the board or a member thereof is first secured for that purpose." *N.J.S.A.* 30:4–123.32 (now repealed).

ing from the parole violation. The opinion is silent on whether Beatty's parole was formally revoked. The court's narrow holding was that:

> R. 3:21–8 expresses the public policy of the State and should be liberally construed. Defendant was detained in a New York institution as a result of action taken by New Jersey and whether that action finds its source in the robbery charge or the violation of parole charge is immaterial. We accordingly hold that defendant is entitled to receive credit against his sentences....
>
> [*Id.* at 491, 320 *A.*2d 514].

In *State v. Williams, supra,* 266 *N.J.Super.* at 156, 628 *A.*2d 837, a Law Division judge reasoned:

> The State opposes this application contending that after the detainer was lodged by the Parole Board the defendant could not obtain his liberty. I disagree. A parolee charged with violation of parole need not be returned to custody, *N.J.A.C.* 10A:71–7.2. In fact, a parolee can be released even after probable cause has been found, *N.J.A.C.* 10A:71–7.9.

The judge concluded that:

> Until such time as his parole is actually violated his incarceration or confinement is attributable to the new offense, rather than the violation of parole, and he is therefore entitled to an award of credit. Once his parole is violated the credit will stop because his confinement is then attributable to the violation of parole and he is no longer entitled to an award of credit on any sentence that may thereafter be imposed for the new offense.
>
> [*Id.* at 158, 628 *A.*2d 837 (footnote omitted)].

The premise stated in *Williams* is incorrect because it ignores the clear and unambiguous language of *N.J.S.A.* 30:4–123.62a(2). As long as the warrant is lodged, a parolee cannot be released. Thus the confinement is attributable to the original sentence. If the warrant is withdrawn or parole is not revoked and the defendant is not returned to custody, then jail time is credited against the new sentence. To the extent that *State v. Williams,* 266 *N.J.Super.* 154, 628 *A.*2d 837 (Law Div.1993), is inconsistent with this opinion, it is overruled.[3]

---

3 The Law Division judge in *Williams,* was of the view that the board would not grant defendant credit for the time spent in custody from the lodging of the

## II

██ Defendant's second issue relates to penalties and fees imposed on a third charge. At the time of his arrest on August 12, 1991, defendant was also serving a probationary sentence for a disorderly persons offense (failure to deliver CDS to law enforcement officer, *N.J.S.A.* 2C:35–10c).[4] After finding a violation of probation, the judge imposed a ninety-eight day custodial term, a DEDR penalty of $500, a VCCB penalty of $30, and a lab fee of $50 (the same mandatory economic sanctions imposed originally). On appeal, defendant contends that the judge, "gave no indication that these penalties were not separate and independent from those imposed in the original probationary judgment."

We note that the violation of probation judgment is captioned, "Change of Judgment." It is obvious that the judge was vacating all aspects of the previous sentence and imposing new ones. Therefore, contrary to defendant's interpretation, no double penalties or fees have been imposed. The judgment entered on Indictment # 90–10–3226–C on February 2, 1992 should be so interpreted.

Affirmed.

---

detainer until the formal revocation of parole. In the present case the board did grant defendant credit. *See N.J.A.C.* 10A:71–3.2(g)1.

[4] Atlantic County Indictment # 90–10–3226–C.