**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2338-17T1

ABDUL-MALIK MUHAMMAD,

     Appellant,

v.

NEW JERSEY STATE PAROLE
BOARD,

     Respondent.

_____

Submitted May 1, 2019 – Decided July 11, 2019

Before Judges Vernoia and Moynihan.

On appeal from the New Jersey State Parole Board.

Abdul-Malik Muhammad, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Susanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Abdul-Malik Muhammad was released on parole in May 1989. He was arrested on November 7, 1990 for aggravated manslaughter and robbery. A parole warrant was issued on December 7 or 12, 1990[1] and appellant was returned to State prison on December 27, 1990. He was sentenced on May 6, 1991 to an aggregate State prison term of fifty years with twenty-five years of parole ineligibility for aggravated manslaughter and robbery (the 1991 sentence). Appellant waived his right to a final parole revocation hearing in September 1991. His parole was revoked by the New Jersey State Parole Board on October 23, 1991 and he was directed to serve the adjusted maximum term of five years, eleven months and one day (the parole revocation sentence) consecutive to the 1991 sentence.

Appellant appeals from the Board's final agency decision contending the Board erred in calculating his parole eligibility date (PED). He argues the Board's decision requiring him to first serve the 1991 sentence before the parole revocation sentence was "unreasonable, misplaced and erroneous." In support of his argument that his parole revocation sentence should be served first,

_____

[1] Appellant contends in his merits brief that the warrant was issued on December 12. The final agency decision lists both dates. We were not provided with the warrant.

A-2338-17T1

appellant notes that he was returned to State prison on the parole violation, for which he "could not make bail or regain his liberty . . . due to the fact that a parole warrant was lodged."  He contends the Board cannot

> argue that the time he spent in prison on [the parole] violation is jail credit[] toward[] the [1991 sentence]. Nor can [the Board], after having returned him to prison, stop the parole term initiated, and legitimately require appellant to serve the parole violation at the end of the [1991] sentence.

Mindful of the standards that guide our review, we conclude that the Board's decision was not arbitrary, capricious or unreasonable and affirm; we are constrained, however, to remand this matter to the Board to address any calculation of appellant's PED based on the award of jail credits during the 1991 sentencing.

We accord a strong presumption of reasonableness to the Board's decisions. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304 (App. Div. 1993).  Appellant bears the burden of demonstrating the Board's decision was arbitrary, unreasonable, or capricious.  Id. at 304-05.  Our task is to review the record and the agency's findings to determine whether the findings could have reasonably been reached on the credible evidence before the agency.  Close v. Kordulak Bros., 44 N.J. 589, 599 (1965).  We owe deference to the expertise of

the Board when it renders decisions in this field.  Puchalski v. N.J. State Parole Bd., 104 N.J. Super. 294, 301 (App. Div.), aff'd, 55 N.J. 113 (1969).

In that the judge did not order the 1991 sentence to run concurrent to the parole revocation sentence, "such term of imprisonment and any period of reimprisonment that the parole board may require the defendant to serve upon the revocation of his parole shall run consecutively."  N.J.S.A. 2C: 44-5(c).  The Board determined

> the aggregate parole eligibility term consists of the twenty-five (25) year mandatory minimum term imposed as a component of the [1991 sentence] and the five (5) years[,] eleven (11) months and one (1) day parole eligibility term established upon [appellant's] parole status being formally revoked on October 23, 1991; that the first component of the aggregate parole eligibility term is the twenty-five (25) year parole eligibility term as said term was imposed prior to the formal revocation of [appellant's] parole status; and that the aggregate parole eligibility term is deemed to have commenced on May 6, 1991, the date [appellant was] sentenced.

Thus the Board complied with N.J.S.A. 2C:44-5(c) and imposed the period of reimprisonment – after the revocation on October 23, 1991 – to run consecutively to the sentence imposed in May 1991.  And the Board correctly aggregated the parole eligibility terms.  N.J.A.C. 10A:71-3.2(d).  The fact that appellant was housed in State prison after the parole warrant was issued is not

determinative of which sentence is first served. The 1991 sentence was imposed in May. Appellant's reimprisonment on the parole sentence did not begin until his parole was revoked in October. As such, we conclude the Board's decision that appellant serve the 1991 sentence prior to the parole revocation sentence was not arbitrary, capricious or unreasonable.

We recognize defendant's jail credits from the day the parole warrant was issued through May 6, 1991 were not applied toward the parole revocation sentence as is now required by the Supreme Court's holding in State v. Black, 153 N.J. 438 (1998), and our ruling in State v. Harvey, 273 N.J. Super. 572 (App. Div. 1994). Once a parole warrant is issued, unless "the warrant is withdrawn or parole is not revoked and the defendant is not returned to custody," Harvey, 273 N.J. Super. at 576; see also Black, 153 N.J. at 459, credits are properly applied "to the original offense on which the parole was granted and not to any offense or offenses committed during the parolee's release," Black, 153 N.J. at 461; see also Harvey, 273 N.J. Super. at 573, 574-75.

Credits from the issuance of the parole warrant on December 7 or 12 through the day prior to sentencing should have accrued toward the parole revocation sentence, not the 1991 sentence. The Board recognized this anomaly but concluded that the 1991 sentencing judge awarded the credits against that

sentence; "therefore, [appellant's] date returned to custody was adjusted from November 7, 1990 to May 6, 1991."

The judge's award of credits is not before us on this appeal; we, therefore, cannot remand the matter to the sentencing judge for correction of the judgment of conviction. To the extent that the credit award impacted the calculation of appellant's PED – if at all – we remand only for the Board to calculate the PED utilizing the proper jail credits attributable to each sentence: November 7, 1990 to the day before the parole warrant was issued should be attributable to the 1991 sentence; time from the date the parole warrant was issued forward should be attributable to the parole revocation sentence.

In sum, we affirm the Board's determination that appellant must serve the 1991 sentence prior to the parole revocation sentence and remand for the Board to address the calculation of appellant's PED date.

Affirmed in part and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6