**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1507-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ADOLPHUS FOSTER,

    Defendant-Appellant.

_____

Submitted May 30, 2019 – Decided August 2, 2019

Before Judges Accurso and Moynihan.

On appeal from the Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 14-05-0530.

Adolphus Foster, appellant pro se.

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Dana R. Anton, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Adolphus Foster – who had been sentenced on March 11, 2016 to an extended State prison term of eight years with four years of parole ineligibility as a persistent offender after he was convicted of third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1),[1] at a bench trial – appeals from the trial court's order denying what the court characterized as his August 11, 2017 "pro se 'Notice of Motion Pursuant to R[ule] 3:21-8 Credit for Confinement Pending Sentence.'" Defendant filed that motion seeking 455 days of additional jail credit from his incarceration on September 26, 2013 until the date he claims he was released, December 24, 2014.[2]

In the court's combination "opinion and order," it stated that defendant "filed his initial [post-conviction relief (PCR)] petition on May 17, 2016, arguing that the judgment of conviction should be corrected and that he is entitled to additional jail credits for the 455 days that he spent incarcerated on a

---

[1] The presentence report, judgment of conviction and the judge's oral statement at sentencing relate that defendant was convicted of third-degree aggravated assault and cite to N.J.S.A. 2C:12-1(b)(1). We recognize an assault under subsection (b)(1) is a second-degree crime. N.J.S.A. 2C:12-1(b). Inasmuch as defendant was sentenced to a term in the second-degree range as a persistent offender, we deduce the statutory citation was an error. The judgment of conviction should be amended to reflect the correct statute.

[2] At sentencing, defendant was awarded fifty-three days' jail credit from July 8, 2013 through July 14, 2013; September 22, 2013; and January 26, 2016 through March 10, 2016.

A-1507-17T4

parole violation. This [c]ourt denied his initial petition on July 13, 2016"

because the time period for which defendant sought the credits was attributable

to a parole violation, not his aggravated assault sentence.

The trial court found that defendant, in his August 2017 motion, "again

argu[ed] that he is entitled to the jail credit of 455 days for the same reasons

addressed in the initial [PCR] petition" which the court "consider[ed] . . . as a

pro se motion to reconsider its decision to deny [defendant's] initial PCR

petition" and denied the motion finding:  defendant "has failed to present any

new grounds in his motion" and its review of "its opinion from July 13, 2016

[revealed] no reason to call into question the [c]ourt's ruling there. State v.

Black, 153 N.J. 438 (1998) still remains the controlling law."

In his self-authored merits brief, defendant argues:

> THE TRIAL COURT ERRED IN DENYING
> APPELLA[NT] AWARD OF JAIL CREDITS
> PURSUANT TO [RULE] 3:21-8 BY WRITTEN
> OPINION.

Although the trial court incorrectly considered defendant's August 2017 motion

as a motion to reconsider its denial of defendant's PCR petition, we affirm but

remand for a determination of the exact number of jail credits.

As the State acknowledges in its merits brief, the trial court did not deny

defendant's initial motion on July 13, 2016 because of the holding in Black. The

court denied defendant's motion "without prejudice, allowing [d]efendant to refile the motion following the completion of his appeal" which had been filed before the motion and which was then pending.[3]  The trial court never ruled on the merits of the motion – which was not a PCR petition but a motion to correct the judgment of conviction to reflect correct jail credits.  "The award of jail credits raises issues of law that we review de novo."  State v. Walters, 445 N.J. Super. 596, 600 (App. Div. 2016).

Defendant argues, following his initial arrest on September 22, 2013, he posted bail that same day[4] but was rearrested on September 26, 2013, and the State filed additional charges against him – upgrading the prior charge to aggravated assault.  He contends under State v. Hernandez, 208 N.J. 24 (2011), he is entitled to additional jail credits from September 26, 2013 to December 24,

---

[3]  We affirmed defendant's conviction on August 16, 2017.  State v. Foster, No. A-3872-15 (App. Div. Aug. 16, 2017).

[4]  According to the presentence report, after defendant posted bail, he was held on "a previously disposed case" and was not released until September 24, 2013. He does not argue entitlement to jail credit from September 22 through 24.

A-1507-17T4

2014, for a total of 454 days.[5] His argument, however, fails to take into account that he was arrested by his parole officer when he reported on September 26.[6]

Once a parole warrant is issued, unless "the warrant is withdrawn or parole is not revoked and the defendant is not returned to custody," State v. Harvey, 273 N.J. Super. 572, 576 (App. Div. 1994); see also Black, 153 N.J. at 459, credits are properly applied "to the original offense on which the parole was granted and not to any offense or offenses committed during the parolee's release," Black, 153 N.J. at 461; see also Harvey, 273 N.J. Super. at 573, 574-75.

> If parole is revoked, then the period of incarceration between the parolee's confinement pursuant to the parole warrant and the revocation of parole should be credited against any period of reimprisonment ordered by the parole board. Any period of confinement following the revocation of parole but before sentencing on the new offense also should be credited only against the original sentence . . . .
>
> [Black, 153 N.J. at 461.]

---

[5] The trial court's July 13, 2016 and September 8, 2017 orders state defendant sought 455 days of jail credit.

[6] The presentence report provides defendant was sentenced in December 2009 for second-degree burglary, N.J.S.A. 2C:18-2 – treated as a third-degree crime for sentencing purposes – to a four-year State prison term subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and was paroled on September 12, 2012.

A-1507-17T4

Thus Hernandez, 208 N.J. at 48-49, which addressed the application of jail credits in cases involving multiple charges and held defendants are to receive credit on all sentences for any time spent incarcerated while awaiting sentencing on the pending charges, is inapposite.

The record does not include a parole warrant. If one was issued on September 26, 2013, jail credits were properly awarded from that date against defendant's original sentence for which defendant was on parole. If the warrant was issued on a different date, the trial court on remand should ascertain that date and award credits against the original sentence from that date; any period of confinement prior to that date should be awarded against the aggravated assault sentence. Although defendant contends he was paroled on December 24, 2014, we note that the presentence report indicates he was released to a treatment facility on September 25, 2014, and that his parole sentence was completed on September 14, 2015. If the presentence report is correct, defendant should receive jail credits from September 15, 2015 on the aggravated assault sentence, not from the January 26, 2016 date awarded by the trial court; defendant did not have to wait until his bail was revoked on the aggravated assault charge to receive credit on that sentence. See id. at 48 (recognizing that the award of

credits cannot turn on circumstances – including the revocation of bail – subject to whim or manipulation).

We therefore remand this matter to the trial court to determine when the parole warrant was issued, when defendant's parole-related incarceration ended and for the award of credits consistent with this opinion. We also note the presentence report indicates that "defendant was lodged in the jail for the instant offense" – the aggravated assault – on July 8, 2013 and was released on bond on July 14, 2013; the trial court awarded jail credits for this period. The record contains only one warrant – W-2013-000951-0806 – issued on September 26, 2013, charging aggravated assault, N.J.S.A. 2C:12-1(b)(1). The presentence report lists other warrants purportedly related to this matter: W-2013-000941-0806 and W-2013-000686-0806.[7] We were not provided with copies of those warrants. Hence we do not know the dates of the offenses related to those warrants and the ties they may have to the July periods of incarceration or this case.[8] The police report contained in the record lists only one date on which the aggravated assault was committed: September 22, 2013. The parties' merits

---

[7] The judgment of conviction also lists these warrants as "Original Charges" that were apparently dismissed.

[8] The presentence report also inexplicably lists a May 25, 2013 "offense date[]" in the court history related to this matter.

A-1507-17T4

briefs do not mention in their respective statement of facts that the offense occurred earlier than that date. The trial court, therefore, should also determine if its award of credits for the July period of incarceration is tethered to the crime for which defendant was sentenced.

In the preliminary statement of his merits brief, defendant mentions without further briefing that he "seeks . . . [j]udicial [n]otice . . . of the lack of jurisdiction of the Superior Court to impose the persistent offender extended term." We noted in our decision on defendant's first appeal that he "concede[d] his record qualifies him for the imposition of a discretionary extended term," State v. Foster, slip op. at 10. Defendant, however, did not raise this issue to the trial court and we decline to consider his claim. State v. Robinson, 200 N.J. 1, 20, 22 (2009). Further, because defendant has not offered any argument on this point, we treat it as abandoned. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (noting an issue not briefed on appeal is deemed waived).

Affirmed as modified; remanded for calculation of jail credits and amendment of the judgment of conviction to reflect the correct statutory citation for the crime for which defendant was sentenced. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION