**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2753-22

SHADITH WILLIAMS,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

           Submitted September 24, 2024 – Decided October 17, 2024

           Before Judges Susswein and Bergman.

           On appeal from the New Jersey State Parole Board.

           Duane Morris LLP, attorneys for appellant (Lindsay A. Brown, of counsel and on the briefs).

           Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Dorothy M. Rodriguez, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Shadith Williams appeals from a final decision of the New Jersey State Parole Board (Board), revoking his parole, denying his requested jail credits and imposing an eighteen-month term of incarceration. We affirm.

I.

In 2012, appellant pled guilty to second-degree sexual assault, contrary to N.J.S.A. 2C:14-2(c)(4), for engaging in consensual intercourse with a fourteen-year-old female when he was nineteen. Appellant was sentenced to a custodial term of five years and mandatory Parole Supervision for Life (PSL), pursuant to N.J.S.A. 2C:43-6.4. Appellant commenced PSL on May 13, 2020. Appellant signed and agreed to Conditions of Supervision on the same date.

In 2020, appellant was charged with manufacturing, delivering, or possessing a controlled substance, and intentionally possessing a controlled substance, contrary to Pa. Stat. Ann. 780-113(a)(16) and (30). On May 9, 2022, appellant pled guilty and was sentenced to a term of two years, time served, and three years' probation.

While these charges were pending, appellant was detained in Pennsylvania from August 14, 2020, to the date of his guilty plea. Because of his incarceration on the drug charges, he missed a "check in" with his New Jersey parole officer, who issued a missing warrant on September 30, 2020,

unaware defendant was detained in Pennsylvania. Upon learning of appellant's arrest and detention in Pennsylvania, the missing warrant was cancelled, and his parole officer(s) periodically monitored the case.

After appellant's sentencing on the drug charge in Pennsylvania, a parole warrant was issued and lodged as a detainer on May 19, 2022, which was enforced. Appellant was extradited to New Jersey on June 2, 2022. The date listed on appellant's PSL release was November 9, 2023, rather than December 1, as a result of the jail credits owed for his incarceration in Pennsylvania from May 10 to June 2, 2022.

A final revocation hearing was held on August 24, 2022. Appellant participated in the hearing and was represented by counsel. Appellant pled guilty with an explanation for his violation of PSL General Condition #A1, to obey all laws and ordinances. Appellant testified the ongoing pandemic in May 2020 and his status as a registered sex offender made it difficult for him to find housing and employment when he was released from prison. He testified in the two years since his arrest in Pennsylvania he has moved in with an uncle and has two potential job opportunities in Atlantic City upon his release.

Appellant testified he participated in institutional programs, such as AA, NA, Anger Management, Culinary Arts and Barbering, and was willing to

participate in drug abuse and other community-based programs upon release. He also explained the drug charge in Pennsylvania was a result of him trying to earn money to live at the motel because no other housing was available. In addition, he testified he was not using drugs. Further, he stated he attended all parole meetings from May to August 2020, was sober and alert, and had not engaged in violent activity.

Senior Parole Officer Savarese also testified at the hearing on behalf of the State. He stated during his parole supervision, appellant showed "a disregard for compliance and rehabilitation . . . multiple failures to report . . . [and] failures to reside at his approved address." He also failed to comply with the Electronic Monitoring Program (EMP) and the Stages to Enhance Parolee Success (STEPS) program on three separate occasions for each program. He testified appellant received two traffic citations for driving without a license and was arrested three times for failure to pay child support. In 2017 appellant was also charged for possession of an imitation handgun and absconded from parole supervision, cutting his electronic monitoring bracelet off. Also, in January 2019, appellant was charged with possession of a controlled substance and absconded from parole supervision for the second time. Officer Savarese recommended appellant's parole be revoked, because appellant violated General Condition #A1

of his parole agreement which required appellant obey all laws and ordinances, and there was clear and convincing evidence appellant seriously and persistently violated his parole supervision.

Based on the evidence presented at the hearing, the hearing officer sustained the violation of PSL General Condition #A1. The hearing officer acknowledged appellant faced a difficult situation when he was released, but that did not negate the new criminal conviction. Therefore, the hearing officer recommended appellant's PSL be revoked, and he be required to serve an eighteen-month term of incarceration.

Thereafter, appellant submitted supplemented arguments to the hearing officer asserting his delay in entering a plea forced him to serve more time than was necessary, and argued he should have been given jail time credit for his detention in Pennsylvania since the Judgment of Conviction stated his sentence for that charge shall be served "[c]oncurrent with any PA sentence . . . and any violation of PSL/CSL." (emphasis added)

In October 2022, a two-member Board panel reviewed all relevant facts and the hearing officer's recommendation. The panel accepted the hearing officer's credibility determinations and found, by clear and convincing evidence, appellant had violated the conditions of his parole by engaging in criminal

activity when he was convicted and sentenced for a drug-related offense in Pennsylvania in 2020. The panel determined his violation was serious and revoked his parole and entered an eighteen month term of incarceration.

In January 2023, appellant filed an administrative appeal to the full Parole Board. Appellant argued the panel failed to consider material facts and failed to prove by clear and convincing evidence that he had seriously or persistently violated the conditions of parole. He further argued the Board failed to demonstrate that revocation of parole is desirable, and the panel's decision was contrary to written Board policy and procedure.

In March 2023, the Board issued a final agency decision affirming the panel decision to revoke appellant's PSL and directed him to serve an eighteen-month term of incarceration. The Board found that the panel reviewed all relevant facts and determined there was clear and convincing evidence appellant violated PSL General Condition #A1. It found appellant admitted during the revocation hearing that he failed to obey all laws, and further found he failed to show by clear and convincing evidence good cause existed as to why his PSL status should not have been revoked.

A-2753-22

Further, the Board found appellant's PSL status was not revoked for reasons other than a new criminal conviction, so the panel did not have to consider whether revocation of parole was desirable.

The Board also found because appellant was not being detained in Pennsylvania solely on the New Jersey parole violation, appellant was not under New Jersey custody and was not entitled to receive jail credit from September 30, 2020 (the date the parole warrant was issued), to May 8, 2020 (the day he was sentenced in Pennsylvania). Therefore, the panel's decision jail time was not contrary to Board policy or procedure and appellant's contention concerning that point was also meritless.

Finally, the Board addressed appellant's argument the panel should not have considered past conduct for which he already served time, nor the testimony of a parole officer who never met or worked with appellant. The Board found the purpose of the revocation hearing was to determine whether good cause existed as to why appellant should not be returned to confinement and in making that determination, the panel must consider appellant's past opportunities and violations of his parole did not curtail his criminal behavior. The Board found the evidence showed appellant was afforded multiple opportunities through the EMP and STEPS programs to curtail his criminal

behavior, but appellant absconded from supervision three times for each program. The Board further found appellant showed a general disregard for his supervision in the past and his out of state arrest and conviction in 2020 was not his first parole violation. Therefore, the Board concluded appellant failed to demonstrate good cause against his impending confinement.

The Board also found the Division of Parole presented competent evidence and testimony regarding the parole violation, even though Officer Savarese never directly supervised the appellant. The Board determined appellant had a full and fair opportunity to testify and had the right to request a postponement of the hearing pursuant to N.J.A.C. 10A:71-7.7(c) for him to present his assigned parole officer to testify. The Board found appellant did not request a postponement, then testified on his own behalf, rendering his argument meritless.

## II.

On appeal, appellant reiterates his arguments made before the Board that his PSL status was improperly revoked because the Board failed to consider material facts establishing good cause as to why he should not be further detained. He argues he was not the person selling the drugs in Pennsylvania, he

pled guilty to these charges to protect others, and he has taken several positive steps since being incarcerated.

Appellant also argues the Board should not have considered the testimony of Officer Savarese because he was not appellant's parole officer and was not the officer with the most familiarity. In addition, appellant argues the Board's decision to deny him jail credits for the time he was detained in Pennsylvania was contrary to law. Appellant asserts he was entitled to jail credits because New Jersey issued a parole warrant on September 30, 2020, and appellant was in Pennsylvania custody until he was sentenced on May 9, 2022, so his incarceration was attributable to a New Jersey parole violation.

## III.

We are guided by established principles. "[A]n appellate court reviews agency decisions under an arbitrary and capricious standard." Zimmerman v. Sussex Cnty. Educ. Servs. Comm'n, 237 N.J. 465, 475 (2019). See Melnyk v. Bd. of Educ. of the Delsea Reg'l High Sch. Dist., 241 N.J. 31, 40 (2020). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo v. Bd. of Trs., Police & Firemen's Ret.

Sys., 206 N.J. 14, 27 (2011)). The party challenging the administrative action bears the burden of making that showing. Lavezzi v. State, 219 N.J. 163, 171 (2014).

"Parole determinations . . . are entitled to deferential review by our courts." Acoli v. N.J. State Parole Bd., 250 N.J. 431, 454 (2022). "A mere difference of opinion is not a basis for a court to overturn a parole decision." Ibid. However, our scope of review is narrow. Berta v. N.J. State Parole Bd., 473 N.J. Super. 284, 302, 280 A.3d 797 (App. Div. 2022). "As a general matter, [we] will disturb an agency's adjudicatory decision only if [it] determine[s] that the decision is 'arbitrary, capricious or unreasonable' or is unsupported 'by substantial credible evidence in the record as a whole.'" Ibid. (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

PSL may be revoked if a parolee violates a condition of their parole. N.J.S.A. 2C:43-6.4(b); N.J.A.C. 10A:71-7.12(d). When a parolee has been convicted of a crime committed while on parole, "the purpose of the revocation hearing shall be to determine whether, by clear and convincing evidence, good cause exists why the parolee should not be returned to confinement." N.J.A.C. 10A:71-7.12(d).

## IV.

After our review of the hearing records and the findings of both the hearing officer and the full Board, we conclude their findings were not arbitrary, capricious or unreasonable and clear support existed in the hearing record the appellant violated his parole supervision requirements by clear and convincing evidence. We also determine the consideration of Officer Savarese's testimony and appellant's argument concerning the jail time credits calculation holds no merit for the reasons which follow.

The record overwhelmingly supports the Division of Parole established, by clear and convincing evidence, appellant violated PSL General Condition #A1, when he pled guilty to and was convicted of the "offense of Manufacture, Deliver, or Possess with the Intent to Manufacture or Deliver Schedule 1 Drug," in the Bucks County, Pennsylvania Criminal Court. PSL General Condition #A1 states appellant must "obey all law and ordinances." Appellant's arguments his parole should not have been revoked after this conviction—because he was only moving the drugs for money, was not using the drugs himself, and was protecting others by admitting guilt—are unpersuasive. Defendant was convicted of committing a crime within three months of his release, unquestionably constituting a violation of his PSL conditions.

A-2753-22

We reject appellant's argument the Board should not have considered the testimony of Officer Savarese because he was not appellant's parole officer. The record divulges Officer Savarese was the supervisor of appellant's parol officer and was familiar with appellant's compliance history from a review of his record. The Board properly considered his testimony because it was relevant to whether appellant violated his conditions and whether cause existed to revoke his parole based on a history of non-compliance. Officer Savarese's testimony rebutted appellant's assertion he should not be returned to confinement by underscoring his record of non-compliance with the conditions of parole. We note appellant never requested a postponement to subpoena another officer to testify. We find no error in the Board's consideration of this testimony.

Lastly, we address appellant's argument the Board erred by not crediting the jail time he served in Pennsylvania against the eighteen-month jail sentence he received for the parole violation. We review the grant or denial of jail credits de novo. State v. Walters, 445 N.J. Super. 596, 600 (App. Div. 2016) (citing State v. Hernandez, 208 N.J. 24, 48-49 (2011)).

Rule 3:21-8 provides, "[t]he defendant shall receive credit on the term of a custodial sentence for any time served in custody in jail . . . between arrest and the imposition of sentence." When the rule applies, credits are mandatory, not

12

discretionary. Hernandez, 208 N.J. at 37. Furthermore, Rule 3:21-8 expresses the public policy of this State and should be liberally construed. See State v. Beatty, 128 N.J. Super. 488, 491 (App. Div. 1974). Further, "once a parole warrant [is] lodged defendant [is] no longer confined solely as a result of the new charges . . . [t]herefore, after the detainer [is] lodged defendant's incarceration [is] attributable to the violation of parole." State v. Harvey, 273 N.J. Super. 572, 574-75 (App. Div. 1994). But "[i]f the warrant is withdrawn or parole is not revoked and the defendant is not returned to custody, then jail time is credited against the new sentence." Id. at 576.

We find no merit to appellant's argument since he was clearly incarcerated for the Pennsylvania charges while awaiting his trial there. Appellant's incarceration in Pennsylvania was due to criminal charges filed against him in that state and were not solely due to the parole violation charges in New Jersey. State v. Joe, 228 N.J. 125, 135 (2017). Appellant's argument does not convince us otherwise. We determine no error existed in the calculation of credits found by the Board.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2753-22