NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-0203-14T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MATTHEW J. WALTERS,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

June 17, 2016

APPELLATE DIVISION

Submitted January 19, 2016 — Decided June 17, 2016

Before Judges Messano, Simonelli and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 14-01-0074.

Joseph E. Krakora, Public Defender, attorney for appellant (Jennifer L. Gottschalk, Designated Counsel, on the brief).

Robert L. Taylor, Cape May County Prosecutor, attorney for respondent (Gretchen A. Pickering, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

SUMNERS, JR., J.A.D.

The issue before us is whether a defendant is entitled to receive gap-time credits for a sentence of imprisonment imposed following a Title 39 motor vehicle violation. Defendant Matthew

J. Walters appeals from the Law Division order that removed gap-time credit from a previously-entered judgment of conviction (JOC), the judge concluding that gap-time credit cannot be awarded for a sentence imposed on a Title 39 violation. Having considered the parties' arguments and applicable law, we reverse.

We discern the following facts from the record. On November 16, 2013, while driving in Somers Point, defendant was arrested and charged with driving while intoxicated (DWI), N.J.S.A. 39:4-50.

Thereafter, on November 24, 2013, defendant was a passenger in a vehicle when he got into a physical altercation with the driver, causing the vehicle, with two children in the back seat, to crash into the concrete center barrier. Defendant was arrested that day and remained incarcerated throughout the subsequent proceedings. As a result of the incident, defendant was charged on January 21, 2014, under Cape May County Indictment No. 14-01-0074, with second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count one), and third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (count two). He was also charged with violating his non-custodial probationary sentence for a 2013 conviction for fourth-degree shoplifting, N.J.S.A. 2C:20-11(b)(1).

On February 18, 2014, and before resolution of Indictment No. 14-01-0074, defendant pled guilty to DWI in Somers Point Municipal Court. He was sentenced that day and began serving 180 days in the county jail, where he was already incarcerated since his November 24 arrest.

On April 3, 2014, defendant pled guilty to an amended charge of third-degree aggravated assault on Indictment No. 14-01-0074 and violation of probation for the 2013 shoplifting conviction; count two of the indictment was dismissed pursuant to the plea agreement. On May 23, 2014, he was sentenced in accordance with the plea agreement to a three-year term of imprisonment, to run concurrently with a 365-day sentence for violation of probation. Defendant received jail credit of eighty-six days and gap-time credit of ninety-four days, based upon his custodial DWI sentence which had already been served. On the probation violation, he received jail credit of ninety-two days and no gap-time credit was awarded.

At sentencing, the State voiced no objection to the jail credits, and agreed that defendant was only entitled to gap-time credit on the sentence imposed for the aggravated assault. However, on May 27, 2014, the State moved for reconsideration of the JOC awarding gap-time credit, arguing that defendant had failed to notify the State of his intention to argue for gap-

time credit at sentencing, and further, that gap-time credit should not be awarded based on the sentence imposed for a Title 39 motor vehicle violation.

On August 12, 2014, after considering argument, the court issued an oral decision revoking defendant's gap-time credit. The court held that under State v. French, 313 N.J. Super. 457, 466 (Law Div. 1997), defendant was not entitled to gap-time credit because the prior custodial sentence for DWI was imposed for a motor vehicle violation in municipal court, and defendant served his sentence in the county jail, rather than state prison. This appeal followed.[1]

On appeal, defendant argues the following point:

> POINT I
>
> THE SENTENCING COURT ERRED WHEN IT REMOVED THE GAP-TIME CREDITS FOR THE TIME SERVED ON THE DWI CONVICTION THAT IT HAD ORIGINALLY AWARDED DEFENDANT.

Defendant contends that he satisfies the requirements of N.J.S.A. 2C:44-5(b)(2) and should receive gap-time credit even though the sentence was for a motor vehicle violation. Thus, he maintains that the trial court erred in finding that a person can only receive gap-time credit for a custodial sentence

---

[1] We removed the appeal from our Excessive Sentence Oral Argument (ESOA) calendar, gave the parties the opportunity to file briefs, and listed the appeal on our plenary calendar.

imposed for a violation of the New Jersey Code of Criminal Justice (Criminal Code), N.J.S.A. 2C:1-1 to -104-9. We agree.

The award of jail credits raises issues of law that we review de novo. State v. Hernandez, 208 N.J. 24, 48-49 (2011) ("[T]here is no room for discretion in either granting or denying [jail] credits."). The gap-time provision in our Criminal Code deals with sentences of imprisonment imposed at different times. N.J.S.A. 2C:44-5(b)(2) provides, in relevant part:

> When a defendant who has previously been sentenced to imprisonment is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody:
>
> . . . .
>
> (2) Whether the court determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served. . . .
>
> [N.J.S.A. 2C:44-5(b)(2).]

"Gap-time credit" is so called because N.J.S.A. 2C:44-5(b) "awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the first sentence." Hernandez, supra, 208 N.J. at 38. A defendant is

entitled to gap-time credit when: "'(1) the defendant has been sentenced previously to a term of imprisonment; (2) the defendant is sentenced subsequently to another term; and (3) both offenses occurred prior to the imposition of the first sentence.'" Ibid. (alteration in the original) (quoting State v. Franklin, 175 N.J. 456, 462 (2003)). If these three facts are established, "the sentencing court is obligated to award gap-time credits[.]" Ibid.

The trial judge granted the State's motion for reconsideration of the award of gap-time credit accepting that credit should not be given for a sentence imposed under Title 39. She found that gap-time credit is earned only for a term of imprisonment imposed as part of a sentence for conviction of an "offense" under the Criminal Code. We disagree.

The principles governing statutory interpretation are well-settled. Our goal is to determine and effectuate the Legislature's intent. See, e.g., In re Kollman, 210 N.J. 557, 568 (2012). We begin with the statutory language. Ibid. "We ascribe to the statutory words their ordinary meaning and significance, and read them in context with related provisions so as to give sense to the legislation as a whole." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (citations omitted). "When that language 'clearly reveals the meaning of the statute, the

court's sole function is to enforce the statute in accordance with those terms.'" State v. Olivero, 221 N.J. 632, 639 (2015) (quoting McCann v. Clerk of Jersey City, 167 N.J. 311, 320 (2001)). In addition, we strictly construe a penal statute. Ibid. Here, nothing in the language or statutory scheme of N.J.S.A. 2C:44-5(b) supports the conclusion that a defendant must be convicted for a Criminal Code offense to receive gap-time credits.

We find guidance in Franklin, where our Supreme Court held that a juvenile incarcerated pursuant to the Juvenile Code, N.J.S.A. 2A:4A-20 to -48, is entitled to gap-time credits pursuant to N.J.S.A. 2C:44-5(b). Franklin, supra, 175 N.J. at 469. In analyzing the Juvenile Code, the Court reasoned that juveniles are entitled to the same rights as adults and a juvenile's "incarceration" under the Juvenile Code is no different than an adult's "imprisonment" under the Criminal Code. Id. at 464-68. Thus, despite the absence of gap-time credit and the lack of any reference to N.J.S.A. 2C:44-5(b) in the Juvenile Code, a juvenile sentenced to a custodial sentence under the Juvenile Code is eligible for gap-time credit because the statute requires only that a defendant be imprisoned. Id. at 464, 469.

Here, defendant was convicted of a Title 39 violation. Like the Juvenile Code, Title 39 is silent as to gap-time credits, and N.J.S.A. 2C:44-5(b), in turn, makes no reference to Title 39 violations. The gap-time statute only requires that a defendant be "previously . . . sentenced to imprisonment," prior to the imposition of a subsequent sentence of imprisonment for an offense under the Criminal Code. N.J.S.A. 2C:44-5(b). As was the juvenile in Franklin, defendant is eligible for gap-time credit.

In reaching this conclusion, we reject the trial court's finding, and the State's argument here, that French requires gap-time credits be denied to defendant. We must first note that the decision is a Law Division case, and we are not bound by its holding. S & R Assocs. v. Lynn Realty Corp., 338 N.J. Super. 350, 355 (App. Div. 2001). Nevertheless, French held that incarceration in a state prison, regardless of the court imposing the sentence, satisfies the definition of "imprisonment" for purposes of gap-time credits under N.J.S.A. 2C:44-5(b). French, supra, 313 N.J. Super. at 467. It did not address the situation here, where defendant was serving a custodial term in a county jail imposed by a municipal court for a Title 39 violation. Thus, French was misapplied by the trial court.

A-0203-14T1

We also disagree with the State's argument that gap-time credit is not earned because DWI is not an "offense" as defined by the Criminal Code. See State v. Hammond, 118 N.J. 306, 307 (1990). Hammond limits application of principles of liability under the Criminal Code to Title 39 offenses. Id. at 312-13. However, by its very terms, N.J.S.A. 2C:44-5(b)(2) does not require that the "previous[] . . . sentence[] to imprisonment" be a sentence based upon the conviction of an offense under the Criminal Code. Only the "subsequent[] sentence[] to another term" must be "for an offense." N.J.S.A. 2C:44-5(b). Since defendant meets the three-prong requirements of N.J.S.A. 2C:44-5(b)(2), he is entitled to receive gap-time credits. Franklin, supra, 175 N.J. at 462.

Lastly, we recognize that the overall purpose of the statute is "to avoid manipulation of trial dates to the disadvantage of defendants and to put defendants in the same position that they would have been had the two offenses been tried at the same time." State v. L.H., 206 N.J. 528, 529 (2011). However, the absence of intentional prosecutorial delay by the State is not dispositive of the defendant's entitlement to gap-time credits. Hernandez, supra, 208 N.J. at 38 (citing Franklin, supra, 175 N.J. at 463-64). As a matter of practice, courts do not engage in fact-finding proceedings in every case

to determine whether or not prosecutorial manipulation has occurred. See, e.g., State v. Ruiz, 355 N.J. Super. 237, 245 (Law Div. 2002). As noted, defendant is entitled to gap-time credit because he satisfied the three prongs of N.J.S.A. 2C:44-5(b)(2).

Reversed. The matter is remanded to the Law Division for amendment of the judgment of conviction to reflect the proper award of gap-time credits.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0203-14T1