**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3267
_____

JEFFREY J. MARSALIS,
                                        Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS;
DISTRICT ATTORNEY PHILADELPHIA;
ATTORNEY GENERAL PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:16-cv-03098)
District Judge: Honorable Wendy Beetlestone
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 22, 2022

Before: BIBAS, MATEY, and PHIPPS, *Circuit Judges*

(Filed: June 16, 2022)

Michael Wiseman
WISEMAN & SCHWARTZ
718 Arch Street, Suite 702
Philadelphia, PA 19106
*Counsel for Appellant*

Jennifer O. Andress
Matthew Stiegler
PHILADELPHIA COUNTY OFFICE OF DISTRICT ATTORNEY
3 South Penn Square
Philadelphia, PA 19107
*Counsel for Appellees*

———————————

OPINION OF THE COURT

———————————


**BIBAS**, *Circuit Judge*.

Criminal convictions must become final. Finality gives victims closure. It also shifts our focus from rehashing guilt to punishing the guilty. To ensure finality, prisoners must file federal habeas petitions within a year of their state convictions and appeals. Yet Jeffrey Marsalis filed his ineffective-assistance claim ten months late. Plus, he failed to assert it on state habeas first. Even if we looked past these mistakes, his conviction would stand; the jury would have convicted him even if his lawyer had been adequate. So we will affirm the District Court's dismissal.

2

## I. The Faux Physician, Serial Sex Predator

Marsalis seduced women with lies. In reality, he is a nursing-school dropout. But on dating websites, he was "Dr. Jeff," a high-flying physician at the University of Pennsylvania who doubled as a NASA astronaut. App. 129. He used that persona to lure women into meeting him for drinks or dinner.

An unsuspecting woman fell for Marsalis's ruse. He drugged her drink, then offered to let her recover at his apartment. As the woman blacked out, he sexually assaulted her. She later awoke, remembering little but feeling disoriented from the drug and sore from the assault. Marsalis told her that he had had a nice time.

She was not the only one. Nine other women accused Marsalis of raping them, each telling a version of that same story.

When Marsalis was eventually tried in Pennsylvania state court, he faced a heap of evidence. Seven victims testified against him. An FBI chemist, Dr. Marc LeBeau, testified that the amount of alcohol the women allegedly drank did "not match" the blackouts they experienced. App. 296. Though Dr. LeBeau could not say what had caused their blackouts, he suggested that a central nervous system depressant might have played a role. And police found one such drug, Benadryl, at Marsalis's apartment.

Yet the defense presented Marsalis as a playboy who "might have took [sic] it a little further … than you might expect." Gov't Br. 20 (quoting Marsalis's closing argument). That strategy worked: the jury acquitted him of rape, convicting him only of two sexual assaults. At sentencing, the judge found that

he was a sexually violent predator and sentenced him to the maximum: up to twenty-one years in prison.

On state habeas (technically, PCRA), Marsalis argued that his trial counsel was ineffective for failing to present an alibi defense and investigate a victim's medical condition. Marsalis started with a lawyer but eventually chose to proceed without one. The court dismissed his petition, and the Superior Court affirmed.

Next, Marsalis filed this federal habeas petition, arguing that trial counsel should have objected to Dr. LeBeau's expert testimony. The government responded that this claim was untimely. Without addressing the timeliness argument, the magistrate judge recommended dismissing the ineffective-counsel claim because Marsalis had not raised it during state habeas. The District Court adopted that recommendation, denying his petition.

Marsalis now appeals to us. We review de novo. *Dennis v. Sec'y, Pa. Dep't of Corr.*, 834 F.3d 263, 280 (3d Cir. 2016) (en banc).

## II. MARSALIS'S INEFFECTIVE-ASSISTANCE CLAIM WAS UNTIMELY

The District Court did not reach the government's timeliness argument. But we may because the record is clear: Marsalis's federal habeas challenge came too late. *Hughes v. Long*, 242 F.3d 121, 122 n.1 (3d Cir. 2001) (we can affirm on any ground supported by the record).

## A. Marsalis amended his federal habeas petition too late

Under the Antiterrorism and Effective Death Penalty Act, Marsalis had to file his federal habeas petition within one year of when his state conviction became final. 28 U.S.C. §2244(d)(1), (1)(A). The Superior Court affirmed his conviction on July 1, 2009, and he did not seek further review, so his clock started running on July 31 (after the time to appeal had expired). Pa. R. App. P. 903. He filed his state-habeas petition with four days to spare. §2244(d)(2). But his initial petition did not raise his trial counsel's ineffectiveness for failing to challenge Dr. LeBeau. And he did not add that claim until ten months later.

Marsalis's ten-month delay is fatal. We gauge timeliness not for the petition as a whole, but for each claim in it. *Munchinski v. Wilson*, 694 F.3d 308, 327 (3d Cir. 2012). A petitioner cannot stop the clock on all his claims by filing a bare-bones petition and then larding it later. *Id.* So while his first federal habeas petition was timely, his later claim of ineffective assistance was not.

## B. The government did enough to preserve its timeliness argument

Marsalis challenges none of that. Instead, he says the government forfeited its timeliness argument. (It did not). Recall that the magistrate judge did not address timeliness, but recommended ruling for the government on other grounds. Having won, the government said nothing further about timeliness when the District Court considered the magistrate judge's

5

recommendation. Now Marsalis says that to preserve its timeliness argument, the government should have objected to the favorable recommendation.

Not so. True, a *losing* party may forfeit an argument by not objecting to a magistrate judge's recommendation rejecting it. *See, e.g.*, *EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). But it makes little sense to extend that rule to require a *prevailing* party to object to a report in its favor to preserve alternative grounds for winning. A diligent magistrate judge will often recommend ruling for one side based on an issue that cuts to the heart of the case, bypassing backup arguments to focus the district court on the key point. But Marsalis's rule would require winning parties and judges to address all arguments, not just dispositive ones. That rule is wasteful.

So we join our sister circuits in holding that a prevailing party need not object to a magistrate judge's report and recommendation to preserve arguments that the magistrate judge did not address. *See Gerth v. Warden, Allen Oakwood Corr. Inst.*, 938 F.3d 821, 827 (6th Cir. 2019); *United States v. Street*, 917 F.3d 586, 598–99 (7th Cir. 2019); *United States v. Willis*, 431 F.3d 709, 713 n.4 (9th Cir. 2005); *Yeatts v. Angelone*, 166 F.3d 255, 263 n.5 (4th Cir. 1999).

### III. In Any Event, the Alleged Error Made No Difference

Though it did not address timeliness, the District Court dismissed Marsalis's federal habeas petition for a different reason. It rightly held that he had procedurally defaulted his ineffective-assistance claim by failing to raise it on state habeas. And

even if we look past the default, trial counsel's performance did not prejudice him.

Marsalis failed to raise his claim on state habeas. We usually do not review such unexhausted claims. True, we may overlook such a procedural default if state habeas counsel was himself ineffective in not challenging the trial lawyer's effectiveness and that claim "has some merit." *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). We may also overlook a default "where the state courts did not appoint counsel" on state habeas, forcing a prisoner to represent himself. *Id.* Yet neither the Supreme Court nor this Court has decided whether we should excuse a default when a state appoints habeas counsel but the prisoner then fires him and proceeds without a lawyer. That important question merits attention in an appropriate case, but not here.

Yet even if *Martinez* applies, Marsalis's ineffective-assistance claim fails because he cannot prove prejudice. *Strickland v. Washington*, 466 U.S. 668, 694–95 (1984). Setting aside the expert's testimony, his conviction was supported by the testimony of not one, not two, not six, but seven victims. One victim testified that after just two beers, she soon felt "disoriented, very passive, very uncomfortable." App. 141. When he took her back to his apartment and tried to reach up her skirt, she "told him that [she] was uncomfortable with that and [she] asked him to stop." App. 151. Then she "lost memory," and "[t]he next thing [she] remember[ed] [was] waking up in his bed" with him "on top of [her] having sex." App. 153–55. She "never consented to having sex with him" and "[h]e was forcing himself on to [her], and it physically hurt." App. 156–57. She "remember[s] telling him to stop" and that "he was hurting

7

[her]." App. 157. Her testimony was corroborated. Medical records showed that she visited her doctor to discuss the assault. And her ex-boyfriend testified that she soon told him about the assault too.

To this, Dr. LeBeau's testimony added little. He explained that the amount that the women drank would not have caused them to black out. But the jurors almost certainly would have reached that conclusion even without his testimony. Deciding whether a few drinks will likely intoxicate someone is well within a lay juror's experience. Indeed, the jury instructions stressed that the victims' testimony, "standing alone … [was] sufficient proof … [of] guilt[ ]," if believed. App. 85. Plus, Dr. LeBeau never said that Marsalis's drugs had caused the victims to black out. Rather, he said their symptoms were like those of Benadryl, a widely available drug. Such weak testimony probably did not move the needle.

Thus, even without Dr. LeBeau's testimony, there is not a "reasonable probability" that the jury would have had a "reasonable doubt" about Marsalis's guilt. *Strickland*, 466 U.S. at 695. Indeed, we have repeatedly held that challenged testimony did not prejudice a defendant whose conviction rested on plenty of other evidence. *See, e.g.*, *Preston v. Superintendent Graterford SCI*, 902 F.3d 365, 382 (3d Cir. 2018); *Buehl v. Vaughn*, 166 F.3d 163, 176 (3d Cir. 1999).

\* \* \* \* \*

Marsalis's federal petition was untimely. And he failed to preserve his ineffective-assistance claim. Even if we look past both bars, he cannot prove prejudice, so we will affirm.